UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES, *et al.*,<br><br>Defendants. | No. 1:26-cv-1787<br>Judge Jennifer P. Wilson |

**REPLY BRIEF IN SUPPORT OF FIRST-FILED MOTION TO STAY**

# TABLE OF CONTENTS


Table of Authorities .......... ii

Introduction .......... 1

I. USDA opposes the stay based on irrelevant factors. .......... 2

II. The first-filed rule applies here. .......... 5

A. The issues are substantially the same as in *California* .......... 5

B. No exceptional circumstance justifies declining to apply the first-filed rule. .......... 10

III. A stay respects this Court's jurisdiction. .......... 13

Conclusion .......... 14

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Saul*, No. 18-cv-2238, 2019 WL 13200600 (M.D. Pa. Sept. 10, 2019) .......... 3

*California v. USDA*, 25-cv-6310, 2026 WL 2447539 (N.D. Cal. Aug. 20, 2026) .......... *passim*

*California v. USDA*, 821 F. Supp. 3d 1015 (N.D. Cal. 2026) .......... 9

*California v. USDA*, No. 25-cv-6310, 2025 WL 2939227 (N.D. Cal. Oct. 15, 2025) .......... 9

*Chavez v. Dole Food Company, Inc.*, 836 F.3d 205 (3d Cir. 2016) .......... 5, 11, 13

*Coyoy v. United States*, 526 F. Supp. 3d 30 (D.N.J. 2021) .......... 2

*Crosley Corp. v. Hazeltine Corp.*, 122 F.3d 925 (3d Cir. 1941) .......... 5

*Crumble v. United States*, No. 23-cv-1342, 2024 WL 4173791 (M.D. Pa. Sept. 12, 2024) .......... 4

*EEOC v. Univ. of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988) .......... *passim*

*Egamberdiev v. Sage*, No. 26-cv-967, 2026 WL 1482762 (M.D. Pa. May 27, 2026) .......... 7

*Feige v. Sechrest*, 90 F.3d 846 (3d Cir. 1996) .......... 13

*Grider v. Keystone Health Plan Cent., Inc.,* 500 F. 3d 322 (3d Cir. 2007) .......... 7

*Monzo v. Bazos*, 313 F. Supp. 3d 626 (E.D. Pa. 2017) .......... 6

*Muhammad v. State Farm Indemnity Co.*, 719 F. Supp. 3d 397 (D.N.J. 2024) .......... 6

*Phoenix Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, 381 F. Supp. 3d 416 (E.D. Pa. 2019) .......... 6

*Stewart v. Att'y Gen. of the United States*, No. 26-cv-734,
2026 WL 1760285 (M.D. Pa. June 18, 2026) .................................... 3, 6

*Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450 (E.D. Pa. 2013) .................. 3

**Statutes**

7 U.S.C. § 2020 ............................................................ 7, 9, 12, 13

## INTRODUCTION

Since the Pennsylvania Department of Human Services (DHS) filed its motion to stay under the first-filed rule, Judge Chesney has concluded that *California* and this case are sufficiently similar for purposes of the first-filed rule. *See California v. USDA*, 25-cv-6310, 2026 WL 2447539, at *3-4 (N.D. Cal. Aug. 20, 2026). Judge Chesney rejected that this case is distinct from *California*, explaining that each is about USDA's request for the very same data under the very same claimed authority. *Id.* at *3. Still, Judge Chesney decided as a matter of comity that this Court should determine how to proceed here. *Id.* at *4.

The proper course now is for this Court to stay this proceeding under the first-filed rule pending resolution of *California*. Staying later-filed litigation that is substantially similar to an existing lawsuit is the default rule. Only extraordinary circumstances justify departing from the default rule and none of those circumstances applies here. USDA's opposition to this motion advances arguments that are immaterial to the first-filed rule, draws superficial distinctions between two cases involving the same parties and issues, and continues USDA's bad faith engagement.

## I. USDA opposes the stay based on irrelevant factors.

The first-filed rule empowers courts to halt litigation between parties already engaged in another federal court over similar issues. *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988). Using the rule to pause duplicative litigation "encourages sound judicial administration and promotes comity among federal courts of equal rank." *Id.* at 971. When a second-filed case involves the same parties and issues as a pending case, "invocation of the [first-filed] rule will usually be the norm." *Id.* at 979.

Courts have discretion to not stay a case even where there is sufficient overlap, but departures from the rule's application should be "rare" and are justified only under "exceptional circumstances." *Id.* at 972, 976, 979. In the Third Circuit, the exceptional circumstances that may justify declining to stay substantially overlapping litigation are: inequitable conduct, bad faith, forum shopping, the first case having been filed in anticipation of an imminent suit, or the second case having advanced ahead of the first case. *EEOC*, 850 F.2d at 972, 976; *see also, e.g.*, *Coyoy v. United States*, 526 F. Supp. 3d 30, 43 (D.N.J. 2021) (articulating standard in the Third Circuit); *Synthes, Inc. v. Knapp*, 978

F. Supp. 2d 450, 455 (E.D. Pa. 2013) (same); *Stewart v. Att'y Gen. of the United States*, No. 26-cv-734, 2026 WL 1760285, at *3 (M.D. Pa. June 18, 2026) (same).

USDA's opposition, however, asks this Court to resolve the motion based on factors that have nothing to do with the first-filed rule. The length of the stay, the hardship to either party from proceeding (or not) are not germane. *Contra* USDA Opp'n at 8 (ECF No. 27).

*Anderson v. Saul*—which USDA asserts provides the applicable standard, *see* USDA Opp'n at 8—is not about the first-filed rule. *See generally* No. 18-cv-2238, 2019 WL 13200600 (M.D. Pa. Sept. 10, 2019). The court said in *Anderson* that it was evaluating whether to "stay a case pending the decision in another case or another forum," *id.* at 2, but did not mention the first-filed rule once. Indeed, the first-filed rule was not relevant there because the question was whether to stay one Social Security applicant's declaratory judgment action pending resolution of appeals filed by ***completely different*** Social Security applicants. *Id.* at *2.[1] *Anderson* simply was not about the first-filed rule.

[1] Not all requests to refrain from resolving one case pending resolution of another case seek to apply the first-filed rule. *Anderson*

Nor was *Crumble v. United States*, the other case USDA relies on. USDA Opp'n at 8. That case, too, never mentions the first-filed rule. Rather, the request there was to stay proceedings while a plaintiff asserting claims under the Federal Tort Claims Act sought a medical diagnosis. *Crumble v. United States*, No. 23-cv-1342, 2024 WL 4173791, at *8 (M.D. Pa. Sept. 12, 2024).

Because the factors relevant to the first-filed rule are unique, this Court's earlier decision not to exercise its inherent authority to enter a short-term stay should not guide its decision on this motion. *Contra* USDA Opp'n at 18-19. As DHS previously noted, the standards are different. DHS First-Filed Br. at 12 n.4 (ECF No. 22). The short-term stay sought to avoid further proceedings that would have been unnecessary if Judge Chesney granted the motion to enjoin this case. DHS noted when seeking the short-term stay that it would file this distinct motion under the first-filed doctrine if the short-term stay was

involved a request for the Court to apply its inherent authority to stay the case pending resolution of appeals from unrelated parties. Similarly, the *Colorado River* doctrine permits federal courts to refrain from ruling on a federal case when there are similar state court proceedings. *Nationwide Mutual Fire Insurance Co. v. George v. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009).

denied. *See* DHS Stay Mot. at ¶ 5 (ECF No. 7); DHS Stay Br. at 3 (ECF No. 10); DHS Stay Reply at 1-2 (ECF No 14). That is what happened.

## II. The first-filed rule applies here.

### A. The issues are substantially the same as in *California*.

As Judge Chesney just determined, *California* and this case are substantially similar because the May 2026 request "seeks the same data USDA previously sought and the Court evaluated, and relies on the same authority as the earlier demands." *California*, 2026 WL 2447539, at *3.

That determination is right.[2]

The purpose of the first-filed rule is to provide litigants "a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals." *EEOC*, 850 F.2d at 974 (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.3d 925, 930 (3d Cir. 1941)). Later-filed litigation is stayed to "avoid wasting judicial efforts, conflicting judgment, and unnecessary friction between courts." *Chavez v. Dole Food Company, Inc.*, 836 F.3d 205, 220 (3d Cir. 2016).

---

[2] USDA's opposition does not contest that the parties in the two actions are sufficiently similar for purposes of the first-filed rule.

Consistent with the rationale for the first-filed rule, the overlap required for the rule is in the legal *issues* that courts must resolve. Staying a second case that raises the same issue as an existing case between the same parties avoids judicial waste and the possibility of conflicting decisions—just what the first-filed rule protects against.

Courts have been clear on this point. In *EEOC*, the Third Circuit explained the rule applies when a case involves "the same parties and the same issues already before another district court." 850 F.2d at 971.

District courts in this circuit understand that is the standard. *See, e.g.*, *Muhammad v. State Farm Indemnity Co.*, 719 F. Supp. 3d 397, 402 (D.N.J. 2024) ("[T]he cases in play have to concern the same issues."); *Phoenix Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, 381 F. Supp. 3d 416, 420 (E.D. Pa. 2019) ("[T]he principles underlying the rule support its application where the subject matter of the later filed case substantially overlaps with that of the earlier one."); *Monzo v. Bazos*, 313 F. Supp. 3d 626, 634 (E.D. Pa. 2017) ("These two cases are 'truly related' because the central issue in both is the interpretation of the parties' MOU."); *Stewart*, 2026 WL 1760285, at *3 ("[C]ases sharing substantially similar subject matter and subject to concurrent federal jurisdiction should be decided

by the court where the litigation was first filed."); *Egamberdiev v. Sage*, No. 26-cv-967, 2026 WL 1482762, at *2 (M.D. Pa. May 27, 2026) (same).[3]

USDA does not dispute that the legal issue raised in the two cases is the same. Rather, it insists (contrary to precedent) that it does not matter that the issues are the same because the vehicle for presenting the issues differs. USDA Opp'n at 12-13. Yet even the case that USDA cites, USDA Opp'n at 8-9, states that what matters is how issues between the two cases overlap. *See Grider v. Keystone Health Plan Cent., Inc.,* 500 F. 3d 322, 333 n.6 (3d Cir. 2007) ("[T]he *issues* must have such an identity that a determination in one action leaves little or nothing to be determined in the other." (emphasis added)).

Of course, USDA could not have made a case that the issues raised in *California* and here differ. As DHS previously articulated and as USDA acknowledged before Judge Chesney, *see* DHS First-Filed Br. at 14-17, there is no distinction between an action asserting USDA is not entitled to certain data under 7 U.S.C. § 2020(a)(3) and another one

---

[3] For her part, Judge Chesney also appreciated that similar issues are what matters. *California*, 2026 WL 2447539, at *3.

asserting USDA is entitled to the very same data under that very same statute.

USDA does maintain that this case is different because the federal agency reiterated the identical demand, under the same authority, in a new letter. USDA Opp'n at 9. But such formalistic distinctions do not dictate use of a rule meant to protect judicial economy and not meant to have "wooden application." *EEOC*, 850 F.2d at 972.

What is more, not even USDA is committed to the May 2026 version of its demand being different from what preceded it. In its reply supporting the request for a preliminary injunction, USDA defends its failure to follow the statutory procedures that were required before bringing this action by saying the May 2026 demand was merely the continuation of the back-and-forth that had been on-going for over a year. USDA PI Reply at 11 (ECF No. 28). USDA Secretary Brooke Rollins put this action in that same context, stating in the press release announcing it that "For nearly 365 days, several States have shamelessly defied federal law and withheld data to which the U.S. Department of Agriculture is entitled." *See* Press Release, U.S. Dept. of Justice, Justice Department Sues States for Failing to Provide SNAP Data to the U.S.

Department of Agriculture (June 26, 2026), https://www.justice.gov/opa/pr/justice-department-sues-states-failing-provide-snap-data-us-department-agriculture.

Even if the Court considers the May 2026 demand distinct because it attached updated protocols, it does not change that the legal issue across the two cases is the same.[4] Each one pertains to whether USDA has authority under 7 U.S.C. § 2020(a)(3) to access the data it has sought since Spring 2025. USDA's lead theory here is that DHS must comply with the data demand regardless of whether there are agreed upon protocols. Compl. ¶¶ 86-87; USDA PI Br. at 16 (ECF No. 9) (arguing that nothing "suggests that agreement on protocols is a condition precedent to the State's underlying obligation to permit inspection and audit"). That is the very issue Judge Chesney has ruled on multiple times. *California v. USDA*, 821 F. Supp. 3d 1015, 1029 (N.D. Cal. 2026); *California v. USDA*, No. 25-cv-6310, 2025 WL 2939227, at *7 (N.D. Cal. Oct. 15, 2025).

[4] Further, USDA has placed the protocols attached to the May 2026 demand before Judge Chesney. *See* DHS First-Filed Br. at 17-18; *see also California*, 2026 WL 2447539, at *3 (Judge Chesney explaining in her first-filed decision that "given the evolving nature of the instant action, [the latest protocols] will, in all likelihood, be presented to this Court as well.").

At bottom, this case relates to a single dispute that began last year and has been the subject of litigation in *California* for more than a year. Both cases raise USDA's access to the same data under the same claimed statutory authority. Allowing each case to proceed will waste judicial resources and risk conflicting decisions. And once *California* has been resolved, there will be little or nothing left to resolve here. The first-filed rule was designed for just this circumstance.

**B. No exceptional circumstance justifies declining to apply the first-filed rule.**

Exceptional circumstances—inequitable conduct, bad faith, forum shopping, the earlier case being anticipatory, or the latter case moving beyond the earlier case—may warrant declining to apply the first-filed rule to duplicative litigation.

*EEOC* was such a case. *Contra* USDA Opp'n at 14-16. There, the Third Circuit ruled it was not an abuse of discretion to decline dismissing a duplicative second-filed suit because the earlier suit was "an attempt to preempt an imminent subpoena enforcement in the Eastern District of Pennsylvania." *EEOC*, 850 F.2d at 977. In other words, *EEOC* involved anticipatory litigation. More recently, the Third Circuit confirmed *EEOC*

is properly understood as a decision about one party trying to get ahead of imminent enforcement. *Chavez*, 836 F.3d at 216.

USDA does not argue that *California* is anticipatory litigation of the sort at issue in *EEOC*, USDA Opp'n at 15, but suggests that is a distinction without a difference. Yet *EEOC* and *Chavez* both reject that idea, each stating unambiguously that *EEOC* is a decision premised on the exception for anticipatory litigation.

USDA also does not contest that none of extraordinary circumstances that may justify declining to use the first-filed rule applies here—as DHS noted in its opening brief. *See* DHS First-Filed Br. at 20.

More than that, USDA does not answer for any of the examples of its failure to be forthcoming with this Court, provided as evidence of USDA's own bad faith. *See* DHS First-Filed Br. at 20-22. Worse, in its opposition, USDA still fails to be forthcoming.

USDA's only reference to Judge Chesney's decision on the request that she enjoin this action states the motion was denied. USDA Opp'n at 6. That is true, but omits entirely that Judge Chesney *agreed* the two cases were sufficiently similar for the first-filed rule and *rejected* the arguments USDA repeats here. *California*, 2026 WL 2447539, at *3-4.

Likewise, USDA characterizes this motion as repetitive of the request for a short stay pending a ruling on the first-filed motion before Judge Chesney by stating that DHS "again cite[s] *Landis v. North American Co.*" as the basis for this request. USDA Opp'n at 1. *Landis* describes courts' power to stay litigation under their inherent authority. DHS's only reference to the inherent authority standard was to note that it differs from the first-filed standard. *See* DHS First-Filed Br. at 12 n.4. Indeed, DHS explicitly noted that the earlier request for short-term relief was to provide time to see if this exact motion would be necessary. *See* DHS Stay Mot. at ¶ 5; DHS Stay Br. at 3; DHS Stay Reply at 1-2.

These examples are in addition to USDA describing cases that plainly have nothing to do with the first-filed rule as decisions applying that doctrine. USDA Opp'n. at 5-6.

As to its forum shopping, USDA continues to miss the point. USDA Opp'n at 16, 17. DHS agrees (and said before) that filing an action under 7 U.S.C. § 2020(g) in this court is not inherently troubling. DHS First-Filed Br. at 20. In the abstract, it is completely appropriate if the required procedures are followed and USDA has an actual claim. USDA's forum shopping, however, is evidenced by the filing of a new action at all (and

subsequently a preliminary injunction motion) about the same issues already pending before a judge who so far has not agreed with USDA's arguments.

**III. A stay respects this Court's jurisdiction.**

Staying this case does not undermine this Court's jurisdiction or the method of enforcement Congress authorized under 7 U.S.C. § 2020. USDA's contrary arguments, USDA Opp'n at 13-14, 16-17, disregard the Third Circuit's *en banc* decision in *Chavez*.

In *Chavez*, the Third Circuit considered the proper remedy when the first-filed rule applies: a stay, transfer, or dismissal with or without prejudice. 836 F.3d at 216-217. A stay or a transfer, the Third Circuit ultimately ruled, is the right result in most cases. *Id.* at 220-21. Staying (or transferring) a case instead of dismissing it avoids possible issues from courts' relinquishing their jurisdiction. That is because "a stay order does not abdicate a district court's judicial duty to exercise its jurisdiction, but rather postpones the exercise of that jurisdiction until related proceedings reach their conclusion. *Id.* at 220 (cleaned up) (quoting *Feige v. Sechrest*, 90 F.3d 846, 851 (3d Cir. 1996)).

By keeping parties in the first forum, a "stay will generally avoid wasted judicial efforts, conflicting judgments, and unnecessary friction between courts." *Id.* at 220. If the first-filed rule applies but resolution of the earlier litigation for some reason does not fully resolve the dispute (and there is no res judicata bar) the second-filed court will have retained jurisdiction and can resolve whatever remains.

What that means here is that if USDA obtains "complete victory" in *California* and for whatever reason still does not receive the records, this Court will have jurisdiction over this action and could order compliance with the law, as it would have just been determined in the parties' existing *California* litigation. That result is available without the parties needing to litigate the exact same legal issue in two courts at once, potentially arriving at conflicting results. The first-filed rule exists to prevent that very scenario.

**CONCLUSION**

For the reasons above, this Court should stay this case pending resolution of *California*.

September 10, 2026

Respectfully submitted,

/s/ *Jacob B. Boyer*
Jacob B. Boyer
30 North Third Street, Suite 200
Harrisburg, PA 17101
(717) 460-6786
jacobboyer@pa.gov

*Counsel for Defendants*

## CERTIFICATES

I hereby certify that a copy of this reply brief has been served on all counsel of record using the Court's CM/ECF system.

I further certify that this brief contains 2,848 words and therefore complies with Local Rule 7.8(b). In making this certificate, I have relied on the word count of the word-processing system used to prepare the brief.

September 10, 2026

/s/ *Jacob B. Boyer*
Jacob B. Boyer
*Counsel for Defendants*